74 F.3d 1259
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Wayne T. PALMER, Petitioner,
v.
DEPARTMENT OF the INTERIOR, Respondent.
 No. 95-3776.
 United States Court of Appeals, Federal Circuit.
 Jan. 3, 1996.
 
 Before ARCHER, Chief Judge, BENNETT, Senior Circuit Judge, and MAYER, Circuit Judge.
 ORDER
 ARCHER, Chief Judge.
 
 
 1
 The court considers whether Wayne T. Palmer's petition for review should be dismissed because he seeks review of the Merit Systems Protection Board's decision before both the Equal Employment Opportunity Commission (EEOC) and this court.
 
 
 2
 In his Fed.Cir.R. 15(c) statement concerning discrimination, Palmer selected statement 3, indicating that he sought review only of the Board's dismissal of his case for lack of jurisdiction or for untimeliness. However, the Board did not dismiss his case for lack of jurisdiction for for untimeliness. He also indicated that he had requested the EEOC to review the Board's final decision on his discrimination claims. A petitioner may not seek review of the Board's decision before both the EEOC and this court. 5 U.S.C. Sec. 7703(b)(1).
 
 
 3
 On November 17, 1995, we directed Palmer to inform the court whether he would pursue his case before the EEOC or this court. We informed Palmer that if he intended to proceed before the EEOC, this court would dismiss his case. Conversely, if Palmer intended to proceed before this court, we directed him to dismiss his case before the EEOC and submit an amended R. 15(c) statement within 21 days indicating that he had abandoned any claims of discrimination.
 
 
 4
 Palmer responds that he does not want this court to dismiss his case. However, he states that he will not abandon his claims of discrimination and that he intends to proceed before the EEOC. Thus, this court must dismiss his petition for review.
 
 
 5
 Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 (1) Palmer's petition for review is dismissed.
 
 
 7
 (2) Each side shall bear its own costs.